IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRADY N. GIACOMO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV–21–243–JAR |
| | ) |
| KILO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Brady N. Giacomo (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was thirty-one years old at the time of the administrative hearing. (Tr. 68). She possesses at least a high school education and is able to communicate in English (Tr. 68). She has no past relevant work. (Tr. 67). Claimant alleges that she has been unable to work since August 29, 2018, due to limitations resulting from bi-polar disorder, depression, asthma, seizures, high blood pressure, high cholesterol, restless leg syndrome and a right knee tumor. (Tr. 54, 348).

## Procedural History

On August 29, 2018, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. After an administrative hearing, Administrative Law Judge J. Leland Bentley ("ALJ") issued an unfavorable decision on April 30, 2020. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly evaluating the medical opinion of Dr. Carol Gambrill, (2) failing to properly consider Claimant's obesity during his RFC determination, and (3) failing to address the inconsistency between Claimant's RFC and the performance of occupations found.

## Consideration of Obesity

In his decision, the ALJ determined Claimant suffered from the severe impairments of epilepsy, bipolar disorder, depression, anxiety, diabetes mellitus type II with diabetic neuropathy, asthma, chondromalacia patella of the right knee, obesity, and orthostatic hypotension. (Tr. 56). The ALJ concluded that Claimant retained the RFC to perform light work. Specifically, the ALJ found that Claimant can only occasionally climb stairs or ramps, balance, stoop, kneel, crouch, and crawl. However, Claimant is unable to climb ladders, ropes, or scaffolds. Claimant must also completely avoid unprotected heights and dangerous moving machinery as well as concentrated exposure to dust, fumes, odors, and other poorly ventilated areas. The ALJ additionally found that Claimant has the ability to understand, remember, and apply simple, routine instructions. Claimant can likewise concentrate and persist for extended periods in order to complete simple routine work tasks with routine supervision.

Claimant should be limited to occasional contact with the general public although she can interact and respond appropriately to others. Lastly, Claimant can adapt to a routine work setting with changes that are infrequent, well explained, and introduced gradually. (Tr. 59)

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of housekeeping cleaner, small product assembler, and subassembler. (Tr. 68). As a result, the ALJ found Claimant was not disabled from August 29, 2018, the alleged onset date, through the date the application was filed. (Tr. 69).

Claimant argues that the ALJ failed to properly consider her obesity. She contends that although the ALJ found her obesity to be severe, he failed to consider the effect of Claimant's obesity on her other severe impairments and failed to analyze how her obesity was considered during his RFC determination.

Social Security Ruling 02-1p requires an ALJ consider that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately" when assessing the RFC. SSR 02-1p, 2000 WL 628049, at *1 (Sept. 12, 2002). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." *Id.* at *6. Thus, "assumptions about the severity or functional effects of obesity combined with other impairments [will not be made]." *Id.*

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." *Id.* at *5.

5

"[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." *Id.* "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. *Id.* at *6. However, speculation upon the effect of obesity is discouraged. See *Fagan v. Astrue*, No. 06–6261, 2007 WL 1895596, at **2 (10th Cir. July 3, 2007).

At step two, the ALJ determined Claimant's obesity to be a severe impairment. (Tr. 56). When discussing the listings at step three, the ALJ mentioned Social Security Ruling 02-1p, along with the requirements set forth therein, but concluded that Claimant's obesity was not of the severity to meet any listing without further analysis. (Tr. 57). During the ALJ's step-four RFC determination, the ALJ made no mention of claimant's obesity outside of noting various medical records concluding Claimant suffered from obesity during his summary of the medical evidence. (Tr. 60–67). The ALJ most notably did not explain how Claimant's obesity impacted his RFC determination or the effect that the impairment had on Claimant's other severe impairments, including musculoskeletal impairments. This Court finds that the ALJ did not sufficiently consider Claimant's obesity in the RFC determination. On remand, the ALJ should consider Claimant's obesity and its overall effect on Claimant's functionality in light of her other impairments in accordance with Social Security

Ruling 02-1p. Given that this Court is reversing on the ALJ's improper RFC determination, it need not address the additional arguments at this time. However, on remand after conforming the RFC determination to applicable standards the ALJ shall re-evaluate his step five analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 22nd day of March, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**